UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In Re:                                              Case No. 05-22565
                                                    Chapter 7
Devin and Sheryl Parker,                            Hon. Walter Shapero

        Debtors.
_____/

## MOTION FOR ORDER TO SHOW CAUSE

NOW COME the Debtors, Devin and Sheryl Parker, by and through their attorneys, DIETRICH & CUZYDLO, PLLC, by Robert W. Dietrich and Charles R. Cuzydlo, and for their motion state as follows:

1.      On or about June 6, 2005, the Debtors filed for protection under Chapter 7 of the Bankruptcy Code.

2.      On or about September 15, 2005, an order discharging the Debtors' Chapter 7 bankruptcy was entered (Exhibit "A").

3.      On or about November 30, 2005, the Law Offices of Murray L. Blum, filed a Request and Writ for Garnishment in the 46th Circuit Court (Exhibit "B").

4.      On or about January 6, 2006, the undersigned counsel forwarded a letter to the Law Offices of Murray L. Blum via facsimile and U.S. Mail advising Mr. Blum that Mr. & Mrs. Parker had filed bankruptcy and had been discharged and requesting that his firm cease collection attempts (Exhibit "C").

5.      Mr. Blum's firm continues to violate 11USC §524 by continuing to garnish the Debtors and refusing to file a release of garnishment.

6.      Attached as Exhibit "D" is the proposed order.

WHEREFORE the Debtors respectfully request the following:

A.      Order Murray L. Blum to show cause as to why he and his firm should not be held in contempt of court for violation of 11 USC §524 and of the principles of good faith and fair dealing;

B.      Order the Law Offices of Murray L. Blum to pay the Debtors' actual costs and attorney fees associated with bringing this motion;

C.       Order the Law Offices of Murray L. Blum to pay the actual costs and attorney fees associated with reopening this Chapter 7 matter to filed this motion;

D.       Order the Law Offices of Murray L. Blum to refund to the Debtors all funds illegally garnished after June 6, 2005;

E.       All other equitable relief deemed proper by this Court.

Respectfully submitted,

DIETRICH & CUZYDLO, PLLC

Dated: 3/23/06

By: _/s/  Robert W. Dietrich_
Robert W. Dietrich (P49704)
Charles R. Cuzydlo (P48503)
Attorney for Debtors

Prepared by:

Dietrich & Cuzydlo, PLLC
By: Charles R. Cuzydlo (P48503)
1400 Abbott Rd., Ste. 400
E. Lansing, MI 48823
(517) 333-4800

Form B18 (Official Form 18)(12/03)

# United States Bankruptcy Court

Eastern District of Michigan
Case No. <u>05-22565-wsb</u>
Chapter 7

In re: Debtor(s) (name(s) used by the debtor(s) in the last 6 years, including married, maiden, trade, and address):

Devin Lee Parker
802 North Center Avenue
Apt. 13
Gaylord, MI 49735

Sheryl June Parker
802 North Center Avenue
Apt. 13
Gaylord, MI 49735

Social Security No.:
xxx-xx-9701

xxx-xx-7361

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: <u>9/15/05</u>

<u>Walter Shapero,BayCity</u>
United States Bankruptcy Judge

## SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

EXHIBIT A

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts that are in the nature of alimony, maintenance, or support;

c. Debts for most student loans;

d. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

e. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;

f. Some debts which were not properly listed by the debtor;

g. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

h. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

To order this form, call (517) 337-1211
Target Information Management, Inc.
Approved, SCAO

Original - Court
1st copy - Garnish
2nd copy - Defend

3rd copy - Return (proof of service)
4th copy - Plaintiff/Attorney (proof)

| STATE OF MICHIGAN __46ᵀᴴ__ JUDICIAL DISTRICT / JUDICIAL CIRCUIT | REQUEST AND WRIT FOR GARNISHMENT (PERIODIC) | CASE NO. 02-2207-SC-3 |
|---|---|---|

**Court address** 800 Livingston Blvd. Suite 1C GAylord, MI 49735  Zip code    **Court telephone no.** (989) 732-6486

**Plaintiff name and address**
LAW. OFFices of Murray L Blum

v

**Defendant name and address**
SHeryl PARker
7325 E Sturgeon Valley rd
Vanderbilt MI 49795

**Plaintiff's attorney, bar no., and address**
murray L. Blum (P38926)
P.O. Box 1615
GAylord MI 49735
**Telephone no.** (989) 732-7788

**Social security no.** | **Employee ID or account no.**

**Garnishee name and address**
ARbys
122 S Illinois Ave
GAylord, MI 49735

### REQUEST

1. Plaintiff received judgment against defendant for $ 2,561.57 on 6-07-2002.
2. The amount of the unsatisfied judgment now due (including interest and costs) is $ 4,084.14.
3. Plaintiff knows or with good reason believes that the garnishee is indebted or obligated to the defendant for periodic payments.
4. **Plaintiff requests** a writ of periodic garnishment.

I declare that the statements above are true to the best of my information, knowledge, and belief.

11-18-05
Date

Plaintiff/Agent/Attorney signature

### WRIT OF GARNISHMENT    To be completed by the court. See other side for additional information and instructions.

**TO THE PLAINTIFF:** You must provide all copies of the disclosure form (MC 14), 2 copies of this writ, and a $6.00 disclosure fee for serving on the garnishee. You are responsible for having these documents served on the garnishee within 91 days.

**TO THE DEFENDANT:**
1. You have **14 days** after this writ is mailed or delivered to you to file objections with the court. If you do not take this action within this time, without further notice, periodic payments due to you may be withheld for as long as 91 days after this writ is issued and paid directly to the plaintiff.

**TO THE GARNISHEE:**
1. Within **7 days** after you are served with this writ, you must deliver a copy of this writ to the defendant in person or mail a copy to his or her last known address by first class mail.
2. Within **14 days** after you are served with this writ, you must deliver or mail copies of your verified disclosure (form MC 14) to the court, plaintiff/attorney, and defendant. A default may be entered against you for failure to comply with this order.
3. Do not pay any obligations to the defendant unless allowed by statute or court rule.
4. If indebted, withholding must begin according to court rule (see instructions on the Garnishee Disclosure form). Unless notified that an objection has been filed, **28 days** after you are served with this writ you must begin forwarding withheld payments.

You are ordered to make all payments withheld under this writ payable to: ☑ the plaintiff  ☐ the plaintiff's attorney  ☐ the court
and mail them to: ☑ the plaintiff  ☐ the plaintiff's attorney  ☐ the court

5. This periodic garnishment is effective until: a) the amount withheld equals the amount of the unpaid judgment as stated in item 2. of the request; b) the expiration of 91 days after the issue date of this writ; or c) the amount withheld exceeds the remaining unpaid judgment as stated in item 2. of the request.
6. Within **14 days** after this writ expires, you must file a final statement of the total amount paid on this writ.

**EXHIBIT B**

11.30.05
Date of issue

Expiration date

Clerk of the court/Deputy

MC 12  (3/02)  **REQUEST AND WRIT FOR GARNISHMENT (PERIODIC)**          MCL 600.4011 et seq., MCR 3.101

GARNISHEE

# DIETRICH & CUZYDLO, PLLC

ATTORNEYS AND COUNSELORS AT LAW

ROBERT W. DIETRICH
CHARLES R. CUZYDLO

January 6, 2006

Murray Blum
Law Offices of Murray Blum
PO Box 1615
Gayford, MI 49735

      RE:    Devin & Sheryl Parker
              Chapter 7  Bankruptcy Petition
              Case No.: 05-22565-wsb
              Eastern  District of Michigan

Dear Sir/Madam:

Please be advised that Mr. & Mrs. Parker filed for protection under the U.S. Bankruptcy Code on June 6, 2005.   The case number is 05-22565.  The bankruptcy was properly filed in the U.S. Bankruptcy Court for the Eastern District of Michigan under Chapter 7 of the U.S. Bankruptcy Code.

Mrs. Parker recently received a Law Suit from you or your agent. I feel certain that you are already aware that the Trustee issued a Report of No Assets on August 8, 2005, and the debtor was discharged in a Chapter 7 Bankruptcy on September 15, 2005.

As you did not file a claim prior to the date of discharge, you are discharged without notice. Had you filed a claim prior to the date of discharge your position would not change, your debt would still be discharged under the Chapter 7 Bankruptcy.  It is clear that Mr. & Mrs. Parker do not owe you any money, and they have not owed any money since September 15, 2005.  Under 11 USC § 524 you are **enjoined** from taking any action to collect or recover from the debtors.  Any further attempts to collect or recover a debt from Mr. & Mrs. Parker is a  direct violation of 11 USC § 524(a).

Should you have any questions, please feel free to call.

              Sincerely,

              DIETRICH & CUZYDLO, PLLC

              Charles R. Cuzydlo

CRC/Srj                   EXHIBIT C

06-01-06 Parker D&S Ltr t Murry Blum re Stop.wpd

Abbott Center
1400 Abbott Road, Ste. 400
East Lansing, MI 48823
(517) 333-4800

Levine Benjamin Building
321 W. 2nd Street
Flint, MI 48502
(810) 233-9300

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In Re:                                              Case No. 05-22565
                                                    Chapter 7
Devin and Sheryl Parker,                            Hon. Walter Shapero

      Debtors.
_____/

## ORDER GRANTING DEBTORS' MOTION TO SHOW CAUSE

This matter having come before the Court upon Debtors' Motion to Show Cause, and the Court having reviewed the motion and being otherwise fully advised in the premises;

IT IS NOW HEREBY ORDERED:

1.      The Law Offices of Murray L. Blum violated 11 USC §524 and the principles of good faith and fair dealing by continuing to garnish the Debtors and refusing to release the garnishment;

2.      The Law Offices of Murray L. Blum shall pay to the Debtors' counsel all actual costs and attorney fees to reopen this Chapter 7 matter;

3.      The Law Offices of Murray L. Blum shall pay to the Debtors' counsel all actual costs and attorney fees to bring this motion;

4.      The Law Offices of Murray L. Blum shall refund to the Debtors all funds illegally garnished on and after June 6, 2005;

5.      IT IS FURTHER ORDERED:_____

_____

Dated:_____                                 _____
                                                    Hon. Walter Shapero

EXHIBIT D