United States Bankruptcy Court
Eastern District of Michigan
Northern Division - Bay City

In re:

Devin Parker  Case No. 05-22565
Sheryl Parker  Chapter 7
         Debtors.  Hon. Walter Shapero
_____/

OPINION REGARDING DAMAGES FOR VIOLATION
OF THE DISCHARGE INJUNCTION PURSUANT TO 11 U.S.C. § 524(a)

I.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Pending before the Court is a request filed by Devin Parker and Sheryl Parker ("Debtors") in compliance with the Court's order entered on June 15, 2006, for attorneys fees and costs incurred by Debtors in pursuing a cause of action against Murray L. Blum ("Respondent"), for violation of the discharge injunction under 11 U.S.C. § 524(a) (Docket #27).

On June 6, 2005, Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code (Docket #1). On September 15, 2005, an order was entered discharging Debtors (Docket #8). On September 23, 2005, a Final Decree was entered and the bankruptcy case was closed. Thereafter, Debtors filed a Motion to Reopen their Chapter 7 bankruptcy case (Docket #10). In the Motion to Reopen, Debtors averred that Respondent was attempting to collect on a pre-petition judgment obtained against Debtors on June 7, 2002, after Debtors received a discharge from the Bankruptcy Court. Debtors also stated that their wages were garnished by Respondent, and requested the Court grant

their request to reopen.[1] Thereafter, Debtors filed a Certificate of Non-Response and an Order was entered on March 24, 2006, granting Debtors' Motion to Reopen (Dockets ##12, 13).

On March 28, 2006, Debtors filed a Motion for an Order to Show cause requesting that Respondent be ordered to show cause why he and his firm should be not held in contempt for violation of 11 U.S.C. § 524; that Respondent be ordered to pay the Debtors' actual costs and attorney's fees associated with bringing the Motion to Reopen the Chapter 7 Case, and the Motion for An Order to Show Cause; and that Respondent be ordered to refund to Debtors all funds illegally garnished after June 6, 2005 (Docket #14).[2]

On May 4, 2006, the Court ordered Respondent to appear and show cause on May 25, 2006, why the relief sought by Debtors should not be granted (Docket #22). Upon his failure to appear at the hearing scheduled for May 25, 2006, the Court entered an order finding Respondent in civil contempt of court (Docket #24) and entered an order granting Debtors' Motion to Show Cause (Docket #26). Specifically, the Court ordered Respondent to refund to Debtors all funds illegally garnished on or after June 6, 2005, in the amount of $583.00 pursuant to the Court's Contempt Order of May 26, 2005.

---

[1] Attached to the Motion to Reopen was a letter, dated January 6, 2006 sent by Debtors' counsel to Respondent by facsimile and United States mail, informing them of the discharge entered on September 15, 2005, and advising them that "[a]ny further attempts to collect or recover a debt from Mr. & Mrs. Parker" was in direct violation of 11 U.S.C. § 524(a) (Docket #10, Exhibit A).

[2] Debtors' Motion for an Order to Show Cause included the following exhibits: (1) Copy of the order granting Debtors a discharge with the attached explanation of the bankruptcy discharge; (2) Copy of the Request and Writ for Garnishment filed by Respondent in the State of Michigan, 46th Judicial Circuit Court (Case No. 02-2207-SC-3), signed by Murray Blum acting as attorney for "Law Offices of Murray Blum" listed as the Plaintiff; (3) Copy of a letter sent by Debtors' counsel to Respondent advising them of the discharge entered by the Bankruptcy Court (Docket #14). The Request for a Writ of Periodic Garnishment was filed on November 10, 2005, and states in relevant part that a "judgment had been received against Sheryl Parker for $2,561.57 on June 7, 2002." The Circuit Court entered a Writ of Garnishment on November 30, 2005.

2

A hearing was held on June 15, 2006, to determine the appropriate remedies and sanctions in connection with said contempt. At the hearing, the damage award to Debtors' counsel was taken under advisement as to the amount. Debtors were ordered to submit further documentation as to costs, and Respondent was ordered to answer within one week. On August 14, 2006, Debtors filed the Affidavit of Robert W. Dietrich in Support of Bill of Costs (Docket #27). The affidavit included a detailed accounting of the attorney's fees and costs incurred by Debtors' counsel at the law firm of Dietrich & Cuzydlo, PLLC, in researching, preparing, and filing the Motion to Reopen the Chapter 7 Bankruptcy Case and the Motion to Show Cause for Violation of 11 U.S.C. § 524; and for attending the hearings held on May 25, 2006, and June 15, 2006. The total amount of fees and costs requested by Debtors are $2,460.77. Respondent filed no answer(s).

II.     DISCUSSION

    A.     PERMANENT INJUNCTION UNDER 11 U.S.C. § 524(a)(2)

Subsection 524(a)(2) provides that a discharge under Title 11 "operates as an injunction against the commencement or continuation of an action, . . . or an act, to collect, recover or offset any such debt as a liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). The purpose of the permanent injunction is to provide the debtor a financial "fresh start," as contemplated by the Bankruptcy Code. In re Borowski, 216 B.R. 922, 924 (Bankr. E.D. MI. 1998) (citing In re Latanovich, 207 B.R. 326, 334 (Bankr. D. Mass. 1997). Congress intended the permanent injunction 'to give complete effect of the discharge as a total prohibition on debt collection efforts, . . . and . . . to insure that once a debt is discharged, the debtor will not be pressured in any way to repay it.'" reprinted in 1978 U.S.C.C.A.N. 5787, 5866).

3

B. DISCUSSION

Debtors are requesting attorney's fees and costs as a result of Respondent's violation of the discharge injunction. Although § 524 only authorizes injunctive relief, "the modern trend is for courts to award actual damages for violations of § 524 based on the inherent contempt power of the court" under 11 U.S.C. § 105(a).[3] Hardy v. U.S. (In re Hardy), 97 F.3d 1384, 1389 (11th Cir. 1996). Moreover, the Court can award punitive damages upon a finding that Respondent "wilfully" violated the discharge injunction. In re Borowski, 216 B.R. 922, 925 (Bankr. E.D. MI. 1998).[4] This Court finds that the Respondent's actions in violation of the discharge injunction entitle Debtors to damages, including reasonable attorneys fees. Respondent violated the discharge injunction by causing a writ of garnishment to issue, attempting to collect on a pre-petition judgment after Debtors were granted a discharge, and pursuing the same in clear violation of 11 U.S.C. § 524(a)(2). As a result, Debtors had to seek the representation of counsel to file pleadings on their behalf and represent them in Court. The affidavit of Debtors' counsel, Robert W. Dietrich, includes a detailed accounting of the services provided by the firm of Dietrich & Cuzydlo between February 20, 2006 and June 15, 2006; and covers 10.2 hours at various rates, spent on matters occasioned by Respondent's actions totaling $2,378.00, plus travel expenses of $82.77, totaling $2,460.77, all of which the Court finds reasonable. Respondent has failed to file any responsive pleading or appear. Therefore, the Court finds that Respondent, Murray L. Blum, must pay Debtors the total sum of $2,460.77. A

---

[3] Pursuant to 11 U.S.C. § 105(a), "[t]he Court may issue any order process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

[4] No punitive or other damages have been requested by Debtors.

judgment in accordance with this opinion will be entered separately.

**Entered: September 05, 2006**

                                                    **/s/ Walter Shapero**
                                      **Walter Shapero**
                                      **United States Bankruptcy Judge**